UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                    :
NANCY M. HANUSCHIK,                 :
                                    :    CIVIL ACTION NO. 06-3585 (MLC)
      Plaintiff,                    :
                                    :    MEMORANDUM OPINION
      v.                            :
                                    :
OLD YARDVILLE INN INC.,             :
                                    :
      Defendant.                    :
_____:
```

**PLAINTIFF**, Nancy M. Hanuschik ("plaintiff"), bringing this action against defendant – Old Yardville Inn, Inc. ("defendant")– alleging that defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD") (dkt. entry no. 1, Compl., at 1); and

**DEFENDANT** including in its answer a counterclaim alleging that "Plaintiff['s] actions of filing this complaint are frivolous, without legal merit or factual basis" and that as "a result, Defendant-counterclaimant is entitled to attorney fees and costs in this matter" (dkt. entry no. 4, Ans. & Counterclaim, at 3); and

**PLAINTIFF** now seeking a judgment on the counterclaim pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) (dkt. entry no. 5); and plaintiff arguing that (1) the counterclaim is "a request for attorney's fees without any specified cause of action" and (2) Title VII and NJLAD only permit applications for

attorneys' fees after a judgment or verdict is entered by the Court (dkt. entry no. 5, Pl. Br., at 2-3); and

**THE COURT** noting that defendant has failed to oppose the motion and has informed the Clerk of the Court that it does not intend to oppose the motion; and the Court examining the merits of plaintiff's motion even though it is unopposed in order to ensure the Court complies with Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (holding that the court must address an unopposed motion to dismiss a complaint on the merits), see Marcial v. Rawl, No. 94-6709, 1995 WL 31614, at *2 n.1 (E.D. Pa. Jan. 25, 1995) (stating that under Stackhouse, when faced with an unopposed motion to dismiss the court must still address whether the complaint sets forth a viable cause of action); and

**THE COURT** finding that defendant's claim for attorneys' fees on the grounds that the complaint is "frivolous, without legal merit or factual basis" is a request for sanctions pursuant to Rule 11 and Local Civil Rule 11.3, see S.L. Waber, Inc. v. Am. Power Conversion Corp., 135 F.Supp.2d 521, 527 n.2 (D.N.J. 1999) (noting that Rule 11 is a source of authority for attorneys' fees); and the Court noting that Rule 11(c)(1)(a) requires that motions for sanctions "be made separately from other motions or requests," see Downey v. United Food & Comm'l Workers Union Loc. 1262, 946 F.Supp. 1141, 1159-60 (D.N.J. 1996) (denying defendants' motion for sanctions and noting that defendants

2

themselves erred and violated Rule 11 by filing the motion for sanctions as part of their motion for summary judgment); and the Court further noting that "Courts in this district will impose Rule 11 sanctions only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous at the time when the pleading was signed," S.L. Waber, 135 F.Supp.2d at 527 n.2; and

**THE COURT** concluding that defendant has not made a valid application for sanctions and attorneys' fees pursuant to Rule 11 and Local Civil Rule 11.3 because its request was included as a counterclaim in the answer rather than as a separate and appropriate motion (dkt. entry no. 4, at 2-3); and the Court therefore intending to grant the plaintiff's motion for judgment on the counterclaim for attorneys' fees, and enter judgment in plaintiff's favor on the counterclaim, without prejudice to defendant to move for relief when appropriate; and for good cause appearing, the Court will issue an appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge